■ Ilona Lebovics, Respondent, v. Samuel Lebovics, Appellant.— In an action for separation, defendant appeals from an order of the Supreme Court, Kings County, dated January 29, 1969, which *inter alia* granted plaintiff's motion for temporary alimony. Order affirmed, without costs and with leave to defendant to move at Special Term for a reduction of the temporary alimony or for modification of the order in such manner as he may be advised and as Special Term may deem just and proper in the premises to effectuate compliance by plaintiff with the direction in the order to place the case on the calendar and to effectively provide for a speedy trial (cf. *Lerner* v. *Lerner*, 22 A D 2d 771). Defendant's contention that the motion for temporary alimony and counsel fees, which was made during the pendency of the conciliation proceeding, should have been made to or referred to and considered by the Conciliation Commissioner instead of Special Term is without merit. We construe the coexistence of sections 211 and 215-e of the Domestic Relations Law as permitting the initiation, consideration and determination of such motions in the Supreme Court and as also permitting the initiation and consideration thereof in the Conciliation Bureau and the determination thereof by the Supreme Court upon the submission of findings by the Conciliation Commissioner after a hearing. In our opinion, by confining the issues to be considered on such motions to those bearing on financial need and ability, section 211 of the Domestic Relations Law (1) statutorily implemented a similar limitation construed by this court to be applicable to such motions brought during the conciliation period under section 236 of the Domestic Relations Law prior to the enactment of section 211 (*Loretta B.* [*Anonymous*] v. *Gerard B.* [*Anonymous*], 30 A D 2d 347), (2) statutorily eliminated from consideration any acrimony-producing criteria which could be detrimental to the conciliation effort during the statutory conciliation period and (3) rendered either forum at that posture available for the initiation and consideration of such motions, with the authority of ultimate determination thereof remaining vested in the Supreme Court. We are also of the opinion that, predicated on what was adduced below in the parties' conflicting affidavits, the award of temporary alimony of $30 per week should not be disturbed, although we also note that that award should

have no effect upon the Trial Judge in his determination as to whether permanent alimony should be awarded and the amount thereof, if awarded (*Frank* v. *Frank,* 26 A D 2d 837; *Zeitlan* v. *Zeitlan,* 27 A D 2d 846). However, we repeat what has been frequently stated before — " ' the remedy for any seeming inequity in a direction for payment of temporary alimony based on conflicting affidavits is a speedy trial where the true facts as to the finances and standard of living of the parties can be ascertained, and plaintiff's right to alimony can be finally determined ' (*Orenstein* v. *Orenstein,* 24 A D 2d 753) " (*Zeitlan* v. *Zeitlan, supra,* p. 847; *Lerner* v. *Lerner,* 22 A D 2d 771, *supra*). Accordingly, since plaintiff has not as yet complied with the direction in the order under review that she place the case on the calendar for the next term after joinder of issue, we have considered it appropriate to indicate our recognition of defendant's right to a speedy trial and his right to avail himself of such remedy, as he may be advised and as the court may deem just and proper, to expedite trial. Hopkins, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.